HANS C. ANDRESON, RESPONDENT, *v.* OGDEN UNION RAILWAY AND DEPOT COMPANY, APPELLANT.

COSTS.—REPORTER'S FEES.—DISCRETION OF THE COURT.—Where a motion was made to retax costs on the ground that the fees allowed in the cost-bill for the services of a phonographic reporter, and such motion was denied by the court, upon appeal every presumption not negatived by the record will be in favor of the rightfulness of the lower court's action.

ID.—ID.—CHARGE FOR PER DIEM.—Under section 3099, 2 Comp. Laws 1888, providing ten dollars a day compensation for the court reporter, and that where the reporter performs services in more than one case on the same day the per diem shall be apportioned, where a case was called for trial at 11 o'clock a. m. of one day, and the trial lasted until 1:15 o'clock p. m. the next day, but a case was on trial part of the first day, before this case was begun, and a trial was begun on the second day after this case was closed, but where it does not appear how much time was taken by either of the other cases or whether or not there was a night session of the court; *held,* that an allowance to the reporter of twenty dollars per day would not be reversed.

APPEAL from an order of the district court of the first district refusing, after judgment, to retax the costs. The opinion states the facts.

*Messrs. Williams and Van Cott,* and *Marshall and Royle,* for the appellant.

*Messrs. Evans and Rogers,* for the respondent.

ANDERSON, J.:

This is an appeal from an order of the court refusing to tax costs on appellant's motion. Upon a verdict of the

jury in the above-entitled case, the court gave judgment against the defendant for the amount found by the jury and costs taxed at $83.85. In the memorandum of costs filed and verified by plaintiff's attorney was $20 for reporter's fees. The defendant moved the court to tax the cost bill, and to disallow all above $10 taxed as reporter's fees. In support of this motion, appellant filed and presented the affidavit of Waldemar Van Cott, one of appellant's attorneys, to the effect that the case was called for trial a little after eleven o'clock February 27, 1891, and the case was submitted to the jury, and the reporter rendered no services in said case after about 1:15 P. M. of February 28, 1891; that another case occupied the attention of the court all the morning of February 27, until this case was called, and the reporter was engaged in reporting the other case, and that no other case was heard February 28 after this one was concluded. Section 3099, p. 213, Comp. Laws 1888, provides that "the official reporter shall receive as compensation for his services in civil actions and proceedings, for taking notes, a sum to be fixed by the court or a judge thereof, not exceeding ten dollars per day: * * * Provided, that when said reporter performs services in taking notes in more than one case on the same day the court or judge thereof shall apportion the *per diem* allowed between the several actions or proceedings in which such notes are taken. * * * *"

This appeal is based on the claim that there was an abuse of the discretion of the court or judge, as given by the statute, in refusing to tax the costs. But, in order to justify this court in reversing the decision of the lower court, this abuse of discretion must be established in a clear and satisfactory manner, showing not only a violation of the statute, but negativing every legal presumption under the law and the ordinary practice of the courts in favor of the action of the court or judge

complained of. This has not been done in this case. The usual time for the sessions of the courts of this Territory to open each day is at ten o'clock A. M. Yet it is often later than that; and in this case the time actually occupied by the reporter in the other case before the trial of the present one began may have been so insignificant that the court might justly consider that no part of the reporter's *per diem* should be charged to that case. Again, the usual time for closing each day's session is from 5 to 5:30 P. M., and yet evening sessions are sometimes held, but whether there was in this case or not does not appear, but, if there was, it may be that in two days during which the case was on trial, together with an evening session, the reporter may have been compelled to serve as many hours as is usual in a two-days trial when an evening session is not held. Every presumption must be taken in favor of the proper exercise of the discretion of the court, in the absence of a showing to the contrary; and in this case, upon the showing made, we are unable to say there has been such an abuse of the court, or in fact any abuse, which would justify the interference of this court. Affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.